1 │ Matthew J. Piers (IL SB #2206161)
(*pro hac vice* application pending)
2 │ mpiers@hsplegal.com
Kalman D. Resnick (IL SB #2318482)
3 │ (*pro hac vice* application pending)
kresnick@hsplegal.com
4 │ Christopher J. Wilmes (IL SB #6287688)
(*pro hac vice* application pending)
5 │ cwilmes@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM
6 │ 70 W. Madison Street, Suite 4000
Chicago, IL 60602
7 │ (312) 580-0100; (312) 580-1994 (fax)

8 │ Teresa Demchak (SB #123989)
tdemchak@gdblegal.com
9 │ Roberta Steele (SB #188198)
rsteele@gdblegal.com
10 │ James Kan (SB #240749)
jkan@gdblegal.com
11 │ GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
12 │ Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (fax)
13 │
Madeline Neighly (SB # 259785)
14 │ mneighly@nelp.org
NATIONAL EMPLOYMENT LAW PROJECT
15 │ 405 14th Street, Suite 1400
Oakland, CA 94612
16 │ (510) 663-5707; (510) 663-2028 (fax)

17 │ Counsel for Plaintiff Adrienne Hudson

18 │
19 │                   UNITED STATES DISTRICT COURT

20 │                 NORTHERN DISTRICT OF CALIFORNIA

**C10-03158**

21 │

22 │ ADRIENNE HUDSON, individually and on      ) Case No.: ###
behalf of all others similarly situated,   )
23 │                                          )
                    Plaintiffs,             ) **COMPLAINT**
24 │                                          )
vs.                                        ) **CLASS ACTION**
25 │                                          )
FIRST TRANSIT, INC.                        )
26 │                                          )
                    Defendants.             )
27 │                                          )
                                           )
28 │

138615-2

1

## COMPLAINT

2   Plaintiff Adrienne Hudson ("Hudson" or "Plaintiff") brings this class action on behalf of

3   herself individually and all others similarly situated against Defendant First Transit, Inc. ("First

4   Transit" or "Defendant"), and complains as follows:

5   ## I.   INTRODUCTION

6       1.      This is an employment discrimination class action lawsuit brought pursuant to Title VII

7   of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Civil Rights Act of

8   1991 ("Title VII"), the California Fair Employment and Housing Act, Cal. Gov. Code § 12940(a)

9   ("FEHA"), and the California Unfair Business Practices Act, Business and Professions Code §§17200,

10  *et seq.*, also known as the Unfair Competition Law ("UCL").  First Transit has a policy or practice of

11  rejecting job applicants and terminating employees with criminal records, regardless of the nature or

12  age of the offense or the offense's relation to the job in question.  This policy or practice has an

13  adverse impact on African Americans and Latinos, is not job-related nor justified by business necessity

14  and, therefore, is unlawful under Title VII, 42 U.S.C. § 2000e-2(k), FEHA, Cal. Gov. Code § 12940(a),

15  and the UCL. Cal. Bus. & Prof. Code §§ 17200, *et seq.*

16      2.      Plaintiff seeks declaratory, injunctive, and equitable monetary relief, restitution, and an

17  award of costs, expenses, and attorneys' fees for herself individually and on behalf of the Class and

18  Subclass she seeks to represent.

19  ## II.   PARTIES

20  **A.   Plaintiff**

21      3.      Plaintiff Adrienne Hudson is a 44-year-old African-American woman who resides in

22  Oakland, California.

23  **B.   Defendant**

24      4.      Defendant First Transit is a Delaware corporation that is headquartered in Cincinnati,

25  Ohio.

26      5.      First Transit is a national transportation company that represents, on its Internet website,

27  that it is the nation's leading bus transportation provider.

28

CLASS ACTION COMPLAINT - CASE NO.: ###

138615-2

6.     According to its website, as of 2007, First Transit had 15,500 employees and operated in 41 states.

7.     At all times relevant to this Complaint, First Transit was an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), and FEHA, Cal. Gov. Code § 12940(a).

### III.     JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

8.     The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 42 U.S.C. 2000e-5(f)(3).  The Court has supplemental jurisdiction of Plaintiff's UCL and FEHA claims pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in, and First Transit is subject to the personal jurisdiction of, this Court because First Transit maintains facilities and business operations in this District and rescinded its offer of employment to Hudson in this District.  28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

10.     Venue is proper in the San Francisco/Oakland Division of this Court pursuant to Local Rule 3-2(c)-(d) because the events which give rise to the claims asserted in this Complaint occurred in Alameda County, California which is located in this Division.  In particular, First Transit rescinded its offer of employment to Hudson in Oakland (Alameda County).

### IV.     BACKGROUND

11.     African Americans and Latinos are disproportionately impacted by the criminal justice system because of their race and national origin.  They are arrested, convicted, and incarcerated at rates that vastly exceed those of whites.  According to 2000 census data, 12.3% of the general United States population is African American.  U.S. Census Bureau, *Overview of Race and Hispanic Origin*, 3 (2001).  However, over 28% of all arrests are of African Americans.  U.S. Department of Justice, Federal Bureau of Investigation, *2008 Crime in the United States*, table 43 (2009).  Further, 38% of the United States prison population is African American.  U.S. Department of Justice, Bureau of Justice Statistics, *Bulletin, Prisoners in 2008*, p. 5 (2009).  Similarly, while 12.5% of the United States population is Latino, *Overview of Race and Hispanic Origin*, at 3, approximately 21% of the United States' prison population is Latino.  *Bulletin, Prisoners in 2008*, at table 43.  Indeed, in 2008, African Americans were 6.1 times more likely to be incarcerated than whites, and Latinos were 2.3 times more likely to be incarcerated than whites.  *Id.*

2

138615-2

1        12.     Because African Americans and Latinos are arrested, convicted, and incarcerated at

2    higher rates than whites, criminal-record-based employment selection policies or practices – like the

3    one First Transit has implemented – have a disparate impact on African-American and Latino job

4    applicants and employees.

5        13.     Since 1972, the United States Equal Employment Opportunity Commission ("EEOC")

6    has recognized in its policy guidance that "an employer's policy or practice of excluding individuals

7    from employment on the basis of their conviction records has an adverse impact on [African

8    Americans and Latinos] in light of statistics showing that they are convicted at a rate

9    disproportionately greater than their representation in the population" and "that such a policy or

10   practice is unlawful under Title VII in the absence of a justifying business necessity." *EEOC Policy*

11   *Statement on the Issue of Conviction records under Title VII of the Civil Rights Act of 1964, as*

12   *amended, 42 U.S.C. § 2000e et seq.* (1982) (Feb. 4, 1987), as modified Sept. 11, 2006, at 1.  The

13   EEOC's policy guidelines require an employer that refuses to hire or terminates an individual as a

14   result of a conviction policy or practice, which has an adverse impact on the protected class to which

15   the individual belongs, to show that it considered three factors to determine whether its decision was

16   justified by business necessity: the nature and gravity of the offense, the time that has passed since the

17   conviction and/or completion of sentence, and the nature of the job in question.  *Id.*  The EEOC policy

18   guidelines further provide "that where there is evidence of adverse impact, an absolute bar to

19   employment based on the mere fact that an individual has a conviction record is unlawful under Title

20   VII." *Id.*

21                        **V.      PLAINTIFF'S ALLEGATIONS**

22       14.     In 2000, Hudson was charged under California state law with felony welfare fraud.  In

23   2002, Hudson pleaded no contest and was sentenced to four days of jail time and five years of

24   probation.  On June 7, 2007, after Hudson satisfactorily completed her sentence, the court reduced

25   Hudson's felony conviction to a misdemeanor, pursuant to California Penal Code § 17, and then

26   dismissed the charge, pursuant to California Penal Code § 1203.4.  Section 1203.4 allows a court, upon

27   satisfactory completion of probation, to withdraw the defendant's guilty plea or plea of no contest and

28   enter a plea of not guilty and "dismiss the accusations or information against the defendant."

CLASS ACTION COMPLAINT - CASE NO.: ###

138615-2

1    15.    Hudson has no record of any other criminal convictions.

2    16.    Prior to applying for a position with First Transit, Hudson was employed as a

3    paratransit bus driver by MV Transportation in Oakland.  Hudson began working for MV

4    Transportation in July 2008.  She was a reliable and effective employee for MV Transportation and

5    had a good work record.

6    17.    In February 2009, Hudson applied for a paratransit bus driver job with First Transit.  In

7    early March 2009, First Transit offered Hudson a job conditioned on the results of a criminal

8    background check and accepted her into its training program.  She left her employment with MV

9    Transportation in March 2009, to accept First Transit's offer of employment.

10    18.    On or about March 20, 2009, First Transit rescinded its job offer to Hudson because she

11    had a criminal record for a 2002 welfare fraud conviction.

12    19.    Hudson informed First Transit that the charge had been dismissed, pursuant to

13    California Penal Code § 1203.4, and provided First Transit with copies of court records documenting

14    the dismissal.  Nevertheless, First Transit refused to employ Hudson.

15    20.    First Transit's criminal records policy prohibits, among other things, individuals

16    convicted of a felony and individuals sentenced to any period of incarceration (no matter how brief)

17    from ever working for the company.  This policy applies regardless of the age of the conviction or

18    sentence, the individual's prior work history, or the offense's relation to the job in question.  First

19    Transit also refuses to employ individuals who receive alternative sentences, even if those alternative

20    sentences ultimately result in a dismissal of the criminal charges without any judgment of conviction.

21    21.    First Transit's criminal records policy has an adverse impact on African American and

22    Latino job applicants and employees, does not consider all of the factors that are outlined by the

23    EEOC's policy guidelines, is not job related nor justified by business necessity, and, is therefore

24    unlawful.

25    22.    Hudson desires to work for First Transit, but the company's unlawful criminal records

26    policy prohibits her from doing so.

27

28

4

CLASS ACTION COMPLAINT - CASE NO.: ###

138615-2

1

## VI.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

2    23.    On November 19, 2009, Hudson filed a timely written charge of discrimination with the

3    EEOC.  On June 1, 2010, the EEOC issued Hudson a right to sue notice.  Hudson commenced this suit

4    within ninety days of receiving that notice.  Copies of Hudson's EEOC Charge and Right to Sue

5    Notice are attached to this Complaint as Exhibits 1 and 2, respectively.  Plaintiff cross filed her EEOC

6    charge with the California Department of Fair Employment and Housing ("DFEH").  The DFEH

7    issued Hudson a right to sue notice on December 17, 2009.  A copy of Hudson's DFEH Right to Sue

8    Notice is attached to this Complaint as Exhibit 3.

9

## VII.   CLASS ACTION ALLEGATIONS

10    24.    Plaintiff brings her class allegations pursuant to Rules 23(a) and 23(b)(2) of the Federal

11    Rules of Civil Procedure on behalf of a nationwide class defined as follows:  all African-American and

12    Latino individuals whom First Transit refused to hire or terminated because of their actual or presumed

13    criminal record, between January 23, 2009 and the date of judgment of this action ("the Class").

14    Plaintiff also seeks to represent a subclass defined as:  All African-American and Latino individuals

15    whom First Transit refused to hire or terminated in California because of their actual or presumed

16    criminal record, beginning four years preceding the filing of this Complaint and continuing until the

17    date of judgment of this action ("the Subclass").

18    25.    Plaintiff is a member of the Class and Subclass she seeks to represent.

19    26.    Plaintiff as class representative and the Class and Subclass as defined above satisfy the

20    requirements of Rule 23(a)(1)-(4) and 23(b)(2).

21    27.    *Rule 23(a)(1) – numerosity.*  The sizes of the Class and Subclass are not known at

22    present and will be determined through discovery.  However, First Transit employs more than 15,000

23    individuals in the United States and has branches throughout the State of California.  As a result, both

24    the Class and Subclass likely include hundreds of rejected applicants and terminated employees.  In

25    addition, the members of the Class are spread throughout the country, and the members of the Subclass

26    are spread throughout California.  The members of the Class and Subclass are therefore so numerous

27    and so situated that individual joinder of members of the Class and Subclass before this Court is

28    impracticable.

CLASS ACTION COMPLAINT - CASE NO.: ###

138615-2

28. *Rule 23a)(2) – commonality*. There are numerous questions of law and fact common to the Class and Subclass that relate to and affect the claims of relief sought for the Class and Subclass and the anticipated defenses thereto. Those common questions include, without limitation, the following: (a) whether it is First Transit's policy or practice to reject job applicants or terminate employees based on their criminal records; (b) whether First Transit maintains, communicates, and enforces a policy or practice of not hiring or terminating individuals because of their criminal records; (c) whether in rejecting or terminating individuals based on their criminal records First Transit considers the nature or age of the offense or its relation to the job in question, and if so, how First Transit considers these factors; (d) whether First Transit's criminal records policy is job-related and consistent with business necessity; (e) whether First Transit's above-described criminal records policy violates Title VII, FEHA, and the UCL; (f) what relief is appropriate to remedy the claims of Plaintiff and the Class and Subclass resulting from First Transit's unlawful and discriminatory criminal records policy; and (g) whether equitable and injunctive relief is warranted for the Class and Subclass.

29. *Rule 23(a)(3) – typicality*. The claims of the Plaintiff, who is a representative of the Class and Subclass, are typical of the claims of the Class and Subclass. The Plaintiff has been personally affected and discriminated against by the same policy that has harmed the Class and Subclass as a whole and other Class and Subclass members individually.

30. *Rule 23(a)(4) – adequacy*. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass. Plaintiff has no conflict with any member of the Class or Subclass. Plaintiff continues to desire employment with First Transit and is committed to the goal of having First Transit revise its criminal records policy and practice to eliminate the unlawful discriminatory impact on African Americans and Latinos. Plaintiff has retained counsel competent and experienced in complex employment discrimination class actions, and they have and will devote adequate staff and other resources to the case.

31. *Rule 23(b)(2) – case maintainable under this rule*. This action is properly maintained as a class action pursuant to Rule 23(b)(2) in that First Transit has acted or refused to act on grounds that are generally applicable to the Class and Subclass. In particular, First Transit's company-wide

CLASS ACTION COMPLAINT - CASE NO.: ###

138615-2

1  criminal records policy applies generally to the Class and Subclass so that final injunctive relief or

2  corresponding declaratory relief is appropriate respecting the Class and Subclass as a whole.

### FIRST CAUSE OF ACTION
3  
### (Title VII of the Civil Rights Act)
### 42 U.S.C. 2000e-2(k)
4  
### (ON BEHALF OF PLAINTIFF AND THE NATIONWIDE CLASS)
5  

6    32.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

7    33.    First Transit's policy or practice of not hiring applicants and terminating employees

8  based on their criminal records has a disparate impact on African Americans and Latinos. Moreover,

9  the policy or practice is neither job-related nor consistent with business necessity. Even if First Transit's

10  policy or practice could be justified by business necessity, which it cannot, less discriminatory

11  alternatives exist that would equally serve any alleged necessity.

12    34.    First Transit's criminal records policy or practice violates rights secured to Plaintiff and

13  the Class by Title VII.

14    35.    Plaintiff and the Class have no plain, adequate, or complete remedy at law to redress the

15  wrongs alleged in the Complaint. The injunctive relief sought in this action is the only means of

16  securing complete and adequate relief. Plaintiff and the Class are now suffering, and will continue to

17  suffer, irreparable injury from First Transit's discriminatory acts and omissions.

18    36.    First Transit's conduct has caused and continues to cause Plaintiff and the members of

19  the Class substantial lost earnings and other employment benefits.

20    37.    To remedy the violation of the rights of Plaintiff and the Class secured by Title VII,

21  Plaintiff requests that the Court award them the relief prayed for below.

### SECOND CAUSE OF ACTION
22  
### (California Fair Employment and Housing Act)
### Cal. Gov. Code § 12940(a)
23  
### (ON BEHALF OF PLAINTIFF AND THE SUBCLASS)
24  

25    38.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

26    39.    First Transit's criminal records policy or practice as described above, violates rights

27  secured to Plaintiff and the Subclass by FEHA.

28  

CLASS ACTION COMPLAINT - CASE NO.: ###

138615-2

40. As a result of the violation of the FEHA, Plaintiff and members of the Subclass are entitled to equitable and injunctive relief to remedy and compensate for the effects of First Transit's unlawful actions and injuries caused by those actions.

41. To remedy the violation of the rights of Plaintiff and the Subclass, as secured by FEHA, Plaintiff requests that the Court award them the relief prayed for below.

**THIRD CAUSE OF ACTION**
**(California Unfair Business Practices Act,**
**Business and Professions Code §17200, et seq.)**
**(ON BEHALF OF PLAINTIFF AND THE SUBCLASS)**

42. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

43. First Transit's criminal records policy or practice, as described above, violates rights secured to Plaintiff and the Subclass under Title VII and FEHA and therefore constitutes an unfair, unlawful or fraudulent business practice that violates Business and Professions Code Section 17200. This conduct occurred during the four-year period preceding the filing of this Complaint.

44. First Transit's criminal records policy or practice, as described above, likely discriminates against and deceives job applicants and employees, and therefore, constitutes an unfair, unlawful or fraudulent business act or practice in violation of Business and Professions Code Section 17200, *et seq.*

45. Plaintiffs, on behalf of themselves, the California subclass, and the general public, and in order to enforce California's public policy and laws against employment discrimination as secured by the UCL, request that the Court award the relief prayed for below.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff and the Class and Subclass pray that the Court provide the following relief:

A. Certification of the case as a class action on behalf of the proposed Class and Subclass;

B. Designation of Adrienne Hudson and her attorneys as representatives of the Class and Subclass, pursuant to Federal Rules of Civil Procedure 23(b)(2);

C. A judgment declaring that First Transit's employment practices, as described and complained of herein, are unlawful under Title VII, FEHA, and the UCL;

138615-2

1    D.    A preliminary and permanent injunction preventing First Transit and its officers and

2    directors from engaging in the unlawful employment practices described herein;

3    E.    A preliminary and permanent injunction requiring First Transit to carry out policies,

4    practices, and programs that provide equal employment opportunities for all applicants and employees

5    regardless of criminal record status, unless such status can be justified as job-related and consistent

6    with business necessity, and no less discriminatory alternative exists;

7    F.    Award of monetary relief as follows:

8        i.    On the First Cause of Action, order First Transit to pay equitable monetary

9    relief, in the form of back and front pay, to Plaintiff and members of the Class on whose behalf claims

10   are asserted under Title VII in an amount to be proved at trial;

11       ii.    On the Second Cause of Action, order First Transit to pay equitable monetary

12   relief, in the form of back and front pay to Plaintiff and members of the Subclass on whose behalf

13   claims are asserted under FEHA, in an amount to be proved at trial; and

14       iii.    On the Third Cause of Action, order First Transit to make restitution to the

15   Plaintiff and members of the Subclass on whose behalf claims are asserted who were deprived of

16   wages, compensation, fringe benefits, or other equitable monetary benefits as a result of First Transit's

17   violations of law for which the UCL provides such remedies.

18   G.    An award of pre-judgment and post-judgment interest on all monetary amounts awarded

19   in this action, as provided by law;

20   H.    An award of attorneys' fees, costs, and expenses; and

21   I.    An award for any other and further relief that the Court deems equitable, just, and

22   proper.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

9

CLASS ACTION COMPLAINT - CASE NO.: ###

138615-2

1    Dated: July 20, 2010          Respectfully submitted,

2                                  _Roberta Steele_

3                                  TERESA DEMCHAK, (SB # 123989)
                                   ROBERTA STEELE (SB #188198)
4                                  JAMES KAN (SB #240749)
                                   GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
5                                      DARDARIAN
                                   300 Lakeside Drive, Suite 1000
6                                  Oakland, CA 94612
                                   (510) 763-9800
7                                  (510) 835-1417 (fax)

8                                  Matthew J. Piers (IL SB #2206161)
                                   (*pro hac vice* application pending)
9                                  mpiers@hsplegal.com
                                   Kalman D. Resnick (IL SB #2318482)
10                                 (*pro hac vice* application pending)
                                   kresnick@hsplegal.com
11                                 Christopher J. Wilmes (IL SB #6287688)
                                   (*pro hac vice* application pending)
12                                 cwilmes@hsplegal.com
                                   HUGHES SOCOL PIERS RESNICK & DYM
13                                 70 W. Madison Street, Suite 4000
                                   Chicago, IL 60602
14                                 (312) 580-0100
                                   (312) 580-1994 (fax)

15
                                   Madeline Neighly (SB # 259785)
16                                 mneighly@nelp.org
                                   NATIONAL EMPLOYMENT LAW PROJECT
17                                 405 14th Street, Suite 1400
                                   Oakland, CA 94612
18                                 (510) 663-5707
                                   (510) 663-2028 (fax)
19
                                   ATTORNEYS FOR PLAINTIFFS
20

21

22

23

24

25

26

27

28

                                        10
                        CLASS ACTION COMPLAINT - CASE NO.: ###

138615-2