THEODORA LEE, CA Bar No. 129892
tlee@littler.com
CONSTANCE E. NORTON, CA Bar No. 146365
cnorton@littler.com
JOHN S. HONG, CA Bar No. 255150
jhong@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, California  94108.2693
Telephone:   415.433.1940
Fax No.:      415.399.8490

Attorneys for Defendant
FIRST TRANSIT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE HUDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST TRANSIT, INC.,<br><br>Defendant. | Case No. C10-03158 WHA<br><br>**DEFENDANT FIRST TRANSIT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed:   July 20, 2010 |

Defendant FIRST TRANSIT, INC. ("Defendant"), through the undersigned counsel, hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff ADRIENNE HUDSON, individually and on behalf of all others similarly situated ("Plaintiff"). All allegations not specifically admitted in this Answer are denied. In response to the allegations contained in the separately numbered paragraphs of the Complaint, Defendant states as follows:

### RESPONSE TO INTRODUCTORY ALLEGATIONS

1.  Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to assert claims pursuant to the statutes and theories alleged therein, but denies that Plaintiff, the Class and/or Subclass(es) she purports to represent, have any valid claims against Defendant under those or any other statutes or theories. Defendant further denies that it has a policy or practice that has an adverse impact on African American and/or Latinos, or that any of its policies

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER TO
COMPLAINT; JURY TRIAL DEMANDED

(NO. C10-03158 WHA)

or practices are not job-related nor justified by business necessity. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 1, Defendant denies each and every remaining allegation contained therein.

2. Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to assert an entitlement to the remedies set forth therein, but denies that Plaintiff, the Class and/or or Subclass(es) she purports to represent, have any valid claims against Defendant for those or any other remedies. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 2, Defendant denies each and every remaining allegation contained therein.

**RESPONSE TO PARTY ALLEGATIONS**

3. Answering Paragraph 3 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and on that basis denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5. Answering Paragraph 5 of the Complaint, Defendant admits that it is a national transportation company. Defendant further admits that it states on its website that it is the nation's leading bus transportation provider. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 5, Defendant denies each and every remaining allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant admits that its website states, amongst other things, that in 2007 it operated in 41 states and had 15,500 employees. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 6, Defendant denies each and every remaining allegation contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant admits the allegations contained therein.

**RESPONSE TO JURISDICTION AND VENUE ALLEGATIONS**

8. Answering Paragraph 8 of the Complaint, Defendant admits that Plaintiff purports to invoke the jurisdiction and supplemental jurisdiction of this Court and to assert claims

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO
COMPLAINT; JURY TRIAL DEMANDED -2- (NO. C10-03158 WHA)

pursuant to the statutes and theories alleged therein, but denies that Plaintiff has any valid claims against Defendant under those or any other statutes or theories. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 8, Defendant denies each and every remaining allegation contained therein.

9. Answering Paragraph 9 of the Complaint, Defendant admits that venue in this Court is proper. Defendant further admits that it made a conditional offer of employment to Plaintiff, which was rescinded when Plaintiff failed to meet the requisite conditions of the offer. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 9, Defendant denies each and every remaining allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant admits that venue in this Court is proper. Defendant further admits that it made a conditional offer of employment to Plaintiff, which was rescinded when Plaintiff failed to meet the requisite conditions of the offer. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 10, Defendant denies each and every remaining allegation contained therein.

**RESPONSE TO BACKGROUND ALLEGATIONS**

11. Answering Paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and on that basis denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant denies that its employment selection policies or practices have a disparate impact on African-American and/or Latino job applicants and employees. With respect to the remaining allegations of Paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and on that basis denies each and every remaining allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant asserts that the United States Equal Employment Opportunity Commission ("EEOC") policy guidance provisions quoted therein speak for themselves. Except as so expressly admitted and with regard to any and all

1  remaining allegations in Paragraph 13, Defendant denies each and every remaining allegation
2  contained therein.

### RESPONSE TO PLAINTIFF'S ALLEGATIONS

4     14. Answering Paragraph 14 of the Complaint, Defendant lacks knowledge or
5  information sufficient to form a belief as to the truth of the allegations asserted and on that basis
6  denies each and every allegation contained therein.

7     15. Answering Paragraph 15 of the Complaint, Defendant lacks knowledge or
8  information sufficient to form a belief as to the truth of the allegations asserted and on that basis
9  denies each and every allegation contained therein.

10    16. Answering Paragraph 16 of the Complaint, Defendant lacks knowledge or
11 information sufficient to form a belief as to the truth of the allegations asserted and on that basis
12 denies each and every allegation contained therein.

13    17. Answering Paragraph 17 of the Complaint, Defendant admits that in early
14 March 2009, First Transit offered Plaintiff employment conditioned, *inter alia*, on the results of a
15 background check and accepted her into its training program. Defendant denies that Plaintiff applied
16 for a paratransit bus driver job with First Transit in February 2009. Defendant is without sufficient
17 knowledge or information to form a belief as to the truth of the allegation that Plaintiff left her
18 employment with MV Transportation in March 2009 to accept First Transit's offer of employment,
19 and on that basis denies that allegation. Except as so expressly admitted and with regard to any and
20 all remaining allegations in Paragraph 17, Defendant denies each and every remaining allegation
21 contained therein.

22    18. Answering Paragraph 18 of the Complaint, Defendant admits that on or about
23 March 20, 2009, it rescinded Plaintiff's conditional offer of employment because Plaintiff failed to
24 meet the requisite conditions of the offer. Except as so expressly admitted and with regard to any
25 and all remaining allegations in Paragraph 18, Defendant denies each and every allegation contained
26 therein.

27    19. Answering Paragraph 19 of the Complaint, Defendant admits that Plaintiff
28 represented that her 2002 welfare fraud conviction had been dismissed pursuant to California Penal

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO
COMPLAINT; JURY TRIAL DEMANDED   -4-   (NO. C10-03158 WHA)

Code section 1203.4. Defendant further admits that on or about March 20, 2009, it rescinded Plaintiff's conditional offer of employment because Plaintiff failed to meet the requisite conditions of the offer. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 19, Defendant denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant admits that in or about March 2009, it maintained standards with respect to criminal background checks for hiring and continued employment. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 20, Defendant denies each and every remaining allegation contained therein.

21. Answering Paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's current desire to work for Defendant. Defendant denies that its standards for criminal background checks for hiring and continued employment are unlawful. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 22, Defendant denies each and every remaining allegation contained therein.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

23. Answering Paragraph 23 of the Complaint, Defendant admits that on or about November 10, 2009, Plaintiff filed a Charge of Discrimination with the EEOC, a copy of which is attached to the Complaint as <u>Exhibit 1</u>. Defendant further admits that a copy of a Notice of Right to Sue, issued to Plaintiff on or about June 1, 2009 regarding EEOC Charge No. 555-2010-00159 is attached to the Complaint as <u>Exhibit 2</u>. Defendant further admits that a Notice to Complainant of Right-To-Sue issued to Plaintiff by DFEH on or about December 17, 2009, regarding EEOC Charge No. 555-2010-00159 is attached to the Complaint as <u>Exhibit 3</u>. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and on that basis denies each and every remaining allegation contained therein.

## RESPONSE TO CLASS ACTION ALLEGATIONS

24. Answering Paragraph 24 of the Complaint, Defendant admits that Plaintiff purports to assert class claims pursuant to the rules of federal civil procedure alleged therein, but denies that Plaintiff can maintain a class action against Defendant under those or any other rules. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 24, Defendant denies each and every remaining allegation contained therein.

25. Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26. Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27. <u>Numerosity</u>: Answering Paragraph 27 of the Complaint, Defendant admits that it employs more than 15,000 individuals in the United States and that it maintains branches throughout the State of California. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 27, Defendant denies each and every remaining allegation contained therein.

28. <u>Commonality</u>: Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

29. <u>Typicality</u>: Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

30. <u>Adequacy</u>: Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation in contained therein.

31. <u>Case Maintainable Under This Rule</u>: Answering Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

///
///
///
///
///

## RESPONSE TO CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## Title VII of the Civil Rights Act

## (42 U.S.C. § 2000e-2(k))

32. The allegations in Paragraph 32 contain statements to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32.

33. Answering Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, Defendant denies each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendant does not contest that Plaintiff requests relief from this Court, but denies that Defendant violated rights that are secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), of Plaintiff, or of any Class and/or Subclass(es) member she purports to represent.

## SECOND CAUSE OF ACTION

## California Fair Employment and Housing Act

## (Cal. Gov. Code § 12940(a))

38. The allegations in Paragraph 38 contain statements to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 38.

39. Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO
COMPLAINT; JURY TRIAL DEMANDED -7- (NO. C10-03158 WHA)

40. Answering Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. Answering Paragraph 41 of the Complaint, Defendant does not contest that Plaintiff requests relief from this Court, but denies that Defendant violated rights that are secured by FEHA, of Plaintiff or any Class and/or Subclass(es) member she purports to represent.

### THIRD CAUSE OF ACTION

### California Unfair Business Practices Act

### (California Business & Professions Code § 17200, *et seq.*)

42. The allegations in Paragraph 42 contain statements to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 42.

43. Answering Paragraph 43 of the Complaint, Defendant denies each and every allegation contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant denies each and every allegation contained therein.

45. Answering Paragraph 45 of the Complaint, Defendant does not contest that Plaintiff requests relief from this Court, but denies that Defendant violated rights that are secured by California's Unfair Competition Law, of Plaintiff or of any Class and/or Subclass(es) member she purports to represent.

### **PRAYER FOR RELIEF**

In response to Plaintiff's various Prayers for Relief, Defendant denies that Plaintiff, individually or on behalf of any Class and/or Subclass(es) she purports to represent, is entitled to any type of relief, including equitable monetary relief in the form of back and front pay, restitution, injunctive relief, adverse judgment, interest, or attorneys' fees, costs and expenses. Defendant further denies that the proposed Class and/or Subclass(es) are appropriate for class action treatment under Rule 23 or that Plaintiff or her attorneys are proper representatives of the proposed Class and/or Subclass(es).

## AFFIRMATIVE DEFENSES

By way of separate, additional and/or affirmative defenses to the Complaint and each claim therein, and without conceding that Defendant bears the burden of proof or the burden of persuasion as to any of these issues, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action set forth therein fail to state sufficient facts to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations to the extent that Plaintiff, or any member of the Class and/or Subclass(es) she purports to represent, seeks to recover for any wages allegedly earned or due more than three years before the filing of this action, pursuant to California Code of Civil Procedure section 338(a).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and claims made in the cause of action for alleged violation of California Business and Professions Code Section 17200 *et seq.*, are barred, in whole or in part, by the statute of limitations in California Business and Professions Code Section 17208.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth therein, is barred by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth therein, is barred by the equitable doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth therein, is barred by the equitable doctrine of laches.

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO
COMPLAINT; JURY TRIAL DEMANDED        -9-                    (NO. C10-03158 WHA)

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's employment was governed by California Labor Code section 2922 and therefore she could be terminated with or without notice and/or cause.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted herein both individually and/or as a representative of the proposed Class and/or Subclass(es).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action therein, fails to state a cognizable class under Rule 23 of the Federal Rules of Civil Procedure, Section 382 of the California Rules of Civil Procedure, or any other applicable rule or law regulating the maintenance of class actions, in that Plaintiff fails to establish the requisite numerosity, commonality, typicality of claims and defenses, and fails to establish her representative status and/or standing. Moreover, Plaintiff has not shown and cannot show that class treatment of the purported causes of action in her Complaint is superior to other methods of adjudicating the controversy or that this action should proceed as a purported class, since difficulties likely to be encountered will render the action unmanageable.

## TENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff is not an adequate representative of, and has conflicting interests with, the purported Class and Subclass(es) she seeks to represent.

## ELEVENTH AFFIRMATIVE DEFENSE

Certification of a Class and/or Subclass(es), and/or prosecution of Plaintiff's claims as a class action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights under the United States and California Constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

Adjudication of the claims of the alleged putative class through generalized class-wide proof would violate Defendant's right to trial by jury under the United States and California Constitutions.

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO
COMPLAINT; JURY TRIAL DEMANDED -10- (NO. C10-03158 WHA)

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant opposes class certification and disputes the propriety of class action treatment. Should the Court certify a Class and/or Subclass(es) over Defendant's objections, then Defendant asserts each distinct defense set forth herein as against each and every member of the certified Class and/or Subclass(es).

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint contains allegations that are beyond the scope of Plaintiff's administrative charge of discrimination, said allegations must be dismissed.

### FIFTEENTH AFFIRMATIVE DEFENSE

The employment decision(s) about which Plaintiff complains were based upon legitimate, non-discriminatory factors.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the Complaint alleges wrongful acts or omissions by agents or employees of Defendant, any such wrongful acts were committed outside the course and scope of any such agency or employment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant had no knowledge of any discriminatory or otherwise unlawful behavior by any of its employees, agents, or representatives.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that any acts and practices are alleged by Plaintiff to have had a discriminatory disparate impact on her, or upon any proposed member of the Class and/or Subclass(es) she purports to represent, such acts and practices were performed and implemented in good faith and consistent with business necessity, and are permitted on the grounds of business justification.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent any decisions or actions are alleged to be the result of discrimination and disparate treatment, the same decisions or actions would have been made or taken with or without any consideration of any allegedly discriminatory factor.

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO
COMPLAINT; JURY TRIAL DEMANDED    -11-    (NO. C10-03158 WHA)

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's discrimination claims are barred in whole or in part, or fail as a matter of law, because Plaintiff suffered no cognizable discrimination on the basis of, or because of, any protected trait.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The actions taken by Defendant, or anyone acting on its behalf, if any, were for lawful and legitimate, nondiscriminatory business reasons, made in good faith.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred because Defendant's conduct is protected by the managerial privilege and/or that all actions taken with respect to Plaintiff, or any member of the Class and/or Subclass(es) she purports to represent, were undertaken and exercised with proper managerial discretion, with good cause, and for proper, lawful reasons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in that, at all relevant times, Defendant acted reasonably, with a good faith belief in the legality of its actions, based upon the relevant facts and circumstances known to it at the time it acted.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The alleged acts that form the basis of Plaintiff's Complaint were done, if at all, in good faith, honestly, and without malice and did not violate any rights that Plaintiff, or any member of the Class and/or Subclass(es) she purports to represent, may have under federal, state or local laws, rules, regulations or guidelines.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for violation of California Business and Professions Code section 17200, *et seq.* is barred because Defendant's business actions or practices were not "unfair," "unlawful," "harmful," "deceptive," or "fraudulent" within the meaning of California Business and Professions Code section 17200, *et seq.*

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action under California's Unfair Competition Law does not constitute a proper representative action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and those of the members of the putative Class and/or Subclass(es) she purports to represent, under California's Unfair Competition Law are not manageable.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and those of the members of the putative Class and/or Subclass(es) she purports to represent, that Defendant violated California's Unfair Competition Law are barred, in whole or in part, because Plaintiff alleges injuries that were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant and, to the extent any such practice was engaged in, which Defendant denies, such practice is not continuing.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and those of the members of the putative Class and/or Subclass(es) she purports to represent, that Defendant violated California's Unfair Competition Law, entitling Plaintiff to the remedy of restitution remedies, or any other equitable relief prayed for, are barred, in whole or in part, because Plaintiff and the members of the putative Class and/or Subclass(es) she purports to represent, have an adequate remedy at law.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's prayers for restitution, disgorgement, or injunctive relief under California's Business and Professions Code Section 17200, *et seq.* are barred with respect to any alleged violations that have discontinued, ceased or are not likely to recur.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Prosecution of this action by Plaintiff as a representative of the general public under California Business and Professions Code section 17200, *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Without admitting any liability whatsoever, Defendant asserts that any recovery by Plaintiff, and/or any member of the putative Class and/or Subclass(es) she purports to represent, must be limited in whole or in part by their failure and/or refusal to mitigate their purported damages, if any.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorneys' fees or costs from Defendant as the Complaint will not cause any change in conduct, policy or procedure, and Plaintiff cannot establish that Defendant violated any statute entitling Plaintiff to an award of attorneys' fees or costs. Alternatively, such an award should be barred or reduced to the extent such fees or costs were not reasonably incurred, were incurred at an excessive rate, or were incurred with respect to others' fault.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory damages are limited by the damages' cap imposed by Title VII.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Defendant shall be entitled to an offset against any relief due Plaintiff, and the Class and/or Subclass(es) she purports to represent, based upon their respective wrongful conduct.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or fail as a matter of law, to the extent Defendant is contractually bound to maintain any policy and/or practice about which Plaintiff complains.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Because, *inter alia*, Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all the affirmative defenses that may be applicable to this case. Accordingly, Defendant respectfully reserves the right to amend its Answer to add any applicable defenses revealed during any later proceedings in this case. Further, Defendant respectfully reserves the right to amend its Answer to account for any new statutory or decisional law that arises during the pendency of this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff and the Class and/or Subclass(es) she purports to represent take nothing by reason of the Complaint;

2. That judgment be entered on the Complaint in favor of Defendant and against Plaintiff and the Class and/or Subclass(es) she purports to represent on all causes of action, and that the Complaint be dismissed with prejudice;

3. That Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: September 20, 2010

*/S/*
THEODORA R. LEE
CONSTANCE E. NORTON
JOHN S. HONG
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST TRANSIT, INC.

## JURY TRIAL DEMAND

Defendant First Transit, Inc. hereby demands a trial by jury on all issues so triable.

Dated: September 20, 2010

                               */S/*
                               THEODORA R. LEE
                               CONSTANCE E. NORTON
                               JOHN S. HONG
                               LITTLER MENDELSON, P.C.
                               Attorneys for Defendant
                               FIRST TRANSIT, INC.

Firmwide:97518431.1 063012.1026

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO
COMPLAINT; JURY TRIAL DEMANDED      -16-      (NO. C10-03158 WHA)

## CERTIFICATE/PROOF OF SERVICE

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108. On September 20, 2010, I caused the following documents:

**DEFENDANT FIRST TRANSIT, INC.'S - ANSWER TO PLAINTIFF'S COMPLAINT; JURY TRIAL DEMANDED**

to be electronically filed with the Clerk of the Court through the Court's CM/ECF system. It is my understanding that the CM/ECF system will automatically send a "Notice of Electronic Filing" to the registered users in the case and that the "Notice of Electronic Filing" will constitute service of the above-listed document(s) on the following:

Matthew J. Piers, Esq.
mpiers@hsplegal.com
Kalman D. Resnick, Esq.
kresnick@hsplegal.com
Christopher J. Wilmes, Esq.
cwilmes@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Tel: 312.580.0100
Fax: 312.580.1994

*Attorneys for Plaintiff*

Teresa Demchak, Esq.
tdemchak@gdblegal.com
Roberta Steele, Esq.
rsteele@gdblegal.com
James Kan, Esq.
jkan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, California 94612
Tel: 510.763.9800
Fax: 510.835.1417

*Attorneys for Plaintiff*

Madeline Neighly, Esq.
mneighly@nelp.org
National Employment Law Project
405 – 14th Street, Suite 1400
Oakland, California 94612
Tel: 510.663.5707
Fax: 510.663.2028

*Attorneys for Plaintiff*

Executed on September 20, 2010, at San Francisco, California.

_/S/_
KAREN D. DAVIS