1  Matthew J. Piers (IL SB #2206161)
   (Admitted *Pro Hac Vice*)
2  mpiers@hsplegal.com
   Kalman D. Resnick (IL SB #2318482)
3  (Admitted *Pro Hac Vice*)
   kresnick@hsplegal.com
4  Christopher J. Wilmes (IL SB # 6287688)
   (Admitted *Pro Hac Vice*)
5  cwilmes@hsplegal.com
   HUGHES SOCOL PIERS RESNICK & DYM
6  70 W. Madison Street, Suite 4000
   Chicago, IL 60602
7  (312) 580-0100; (312) 580-1994 (Fax)

8  Teresa Demchak (SB #123989)
   tdemchak@gdblegal.com
9  Roberta L. Steele (SB #188198)
   rsteele@gdblegal.com
10 James Kan (SB #240749)
   jkan@gdblegal.com
11 GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
   300 Lakeside Drive, Suite 1000
12 Oakland, CA 94612
   (510) 763-9800; (510) 835-1417 (Fax)
13

14 Madeline Neighly (SB #259785)
   mneighly@nelp.org
   NATIONAL EMPLOYMENT LAW PROJECT
15 405 14th Street, Suite 1400
   Oakland, CA 94612
16 (510) 663-5707; (510) 663-2028 (Fax)

17 Counsel for Plaintiff Adrienne Hudson

18 *Defendant's Counsel Listed on the Next Page*

19              UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 21  ADRIENNE HUDSON, individually and on behalf of all others similarly situated, | Case No.: C10-03158 WHA |
| 22 | CLASS ACTION |
| 23              Plaintiffs, | **STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER** |
| 24  vs. | |
| 25  FIRST TRANSIT, INC., | |
| 26              Defendants. | |

27

28

THEODORA R. LEE (SB #129892)
tlee@littler.com
CONSTANCE E. NORTON (SB #146365)
cnorton@littler.com
JOHN S. HONG (SB #255150)
jhong@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108-2693
(415) 433-1940; (415) 399-8490 (fax)

Attorneys for Defendant First Transit, Inc.

---

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER – CASE NO. C10-03158 WHA

233373-1

Plaintiff Adrienne Hudson ("Plaintiff") and Defendant First Transit, Inc. ("Defendant"), through their respective counsel, seek this Court's approval of this Stipulation of Confidentiality and Protective Order.

WHEREAS, pretrial discovery in *Adrienne Hudson v. First Transit, Inc.*, United States District Court for the Northern District of California, Case No. C10-03158 WHA) (the "Action"), may require disclosure of confidential information and documents, including proprietary material, company confidential, trade secret, personnel information, or other confidential information (the "Confidential Materials" defined herein); and

WHEREAS, Plaintiff and Defendant (collectively the "Parties") desire to maintain the confidentiality of the Confidential Materials.

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties to this Action, through their respective counsel, as follows:

CONFIDENTIAL MATERIALS

1. The term "CONFIDENTIAL MATERIALS" shall mean the following information that any Party to this Action may produce, receive, or disclose from another Party or non-party, including consumer reporting agencies:

   a. Any non-public, proprietary business information pertaining to Defendant or non-parties, including without limitation trade secrets, contracts with third-party vendors and customers, customer information, business plans, product or pricing information, and customer lists;

   b. The personnel records of current or former employees or applicants of Defendant, Defendant's parent company and affiliates, or non-parties acquired by or otherwise associated with Defendant;

   c. Any sensitive or private personal information, such as social security numbers, driver's license numbers, home or business addresses, home or business phone numbers for any individual, financial or tax information, and medical information;

   d. Consumer reports prepared by non-party consumer reporting agencies.

2. The Disclosing Party shall designate as "CONFIDENTIAL" only information that the Disclosing Party in good faith believes is confidential, that normally would not be revealed to third

parties, and that is maintained in confidence.

3. All information designated as "CONFIDENTIAL" by the Disclosing Party shall not be disclosed by any of the other Parties to any person or entity other than those persons designated herein and, in any event, shall not be used for any purpose other than in connection with the Action. Such information may be disclosed only to the following:

    a. The Court and court officials (subject to provisions for filing under seal, set out below);

    b. Counsel of record for any Party, including their associates, paralegals, and clerical personnel;

    c. The Parties; for Defendant this includes current officers, directors, registered representatives, employees and agents of Defendant, its parent company and affiliates; for Plaintiffs, this includes Plaintiff Adrienne Hudson, other named Plaintiffs (if added), and putative and actual class members.

    d. A former officer, director, agent, registered representative or employee of a Party deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action;

    e. Persons retained or consulted by the Parties or their attorneys for purposes of this litigation (including, but not limited to, accountants, marketing consultants, financial advisors, statisticians and economists), if such persons reasonably require the information to enable them to assist counsel in the prosecution or defense of this litigation, provided that no such disclosure shall be made to any person employed by any competitor of Defendant, except upon further order of the Court;

    f. Any court reporter who takes testimony;

    g. A non expert witness or potential witness at or in preparation for any noticed deposition or other proceeding in this Action;

    h. A non expert witness or potential witness who may testify at trial;

    i. Any persons or third party contractors employed by any Party in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling of data or documents in connection with this Action;

j. Any other person as to whom the Parties agree in writing. To the extent counsel or any of their expert consultants, witnesses, or potential witnesses prepare summaries of "CONFIDENTIAL" materials, or cause such summaries to be prepared, such summaries shall be subject to the terms of this Protective Order;

k. Magistrate Judge Joseph Spero or any other individual who may be appointed or selected to mediate or oversee settlement discussions of this matter.

l. Persons designated by the Court upon such terms as the Court may deem proper; and

m. Persons or entities that produced or originally created the Confidential Materials or any indicated author or recipient of the material.

4. No disclosure of materials designated as "CONFIDENTIAL" by any Disclosing Party may be made to any person pursuant to the terms of paragraphs 3(d), 3(e), 3(g), 3(h), 3(i), or 3(j) unless that person first executes an agreement to be bound by the terms of this Order in the form attached hereto as **Exhibit A**. This Order shall be binding upon the Parties (including all employees and agents of the Parties), counsel for any Party (including their associates, paralegals, and clerical personnel), and all persons who, pursuant to the preceding sentence, have executed an agreement to be bound by the terms of this Order. No person or entity upon whom this Order is binding shall use materials designated as "CONFIDENTIAL" for any purpose other than in connection with the Action. If a witness at a deposition refuses to sign **Exhibit A**, the Parties shall meet and confer with each other and, if necessary, submit the issue to the Court prior to the disclosure to the witness of any "CONFIDENTIAL" document.

5. Counsel shall keep a record of all copies of each "CONFIDENTIAL" document distributed, in whole or in part, to any qualified person. Any copy so distributed shall be returned to the distributing counsel after the completion of the qualified person's consultation or participation in this action.

6. With respect to documents that the Disclosing Party reasonably believes contain Confidential Materials, the Disclosing Party shall either stamp such documents "CONFIDENTIAL" before the time of production or when photocopied and delivered or designate categories of documents

in container(s) marked "CONFIDENTIAL" and provide a description of the designated categories of documents in the container(s). Such documents will also bear a Bates stamp number, or some other mutually agreeable identifying number.

7. To the extent Confidential Materials or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order. On the record at a deposition, a Party may designate as "CONFIDENTIAL" the testimony which it reasonably believes discloses Confidential Materials. The Designating Party shall be responsible to instruct the court reporter to segregate confidential from non confidential testimony and exhibits in separate transcripts. Confidential portions of deposition transcripts shall be treated in the same manner as any other "document" described in this Order.

8. Nothing in this Protective Order shall prevent any Party from disclosing its own Confidential Materials as it deems appropriate. Such disclosure shall not constitute a waiver of the designation of such confidential materials as "CONFIDENTIAL."

9. If any Party objects to the designation of any materials as "CONFIDENTIAL," that Party shall state the objection by letter to counsel for the Party making the designation. Each Party shall have the right, on reasonable notice, and after meeting and conferring with the Designating Party in a good faith effort to resolve the matter informally, to apply to the Court for a determination of the issue consistent with Judge Alsup's courtroom procedures, or those courtroom procedures of the District Court Judge to whom the matter may later be assigned. *See* Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup, ¶ 25. Until the Court rules on the dispute, the materials shall continue to be treated and designated as "CONFIDENTIAL." The burden of establishing that any information designated as "CONFIDENTIAL" meets the definition set forth herein shall be on the Party which seeks to uphold the designation.

10. Any Party seeking to file Confidential Materials under seal with the Court must first allow the designating part a reasonable opportunity to obtain an order from the Court, pursuant to Civil Local Rule 79-5, authorizing the sealing of the particular documents, or portions thereof. Once the Party seeking to file Confidential Materials with the Court under seal has obtained an order from the

4

Court authorizing the sealing of the particular documents, or portions thereof, the Party may then file Confidential Materials with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed pursuant to Order of the Court entered [date of this Order], and contains confidential information.

If the Court denies the application, the Party wishing to file the Confidential Materials is free to do so in the normal course and not under seal regardless of the terms of this Protective Order.

11. Any court hearing that refers to or describes Confidential Materials may, in the Court's discretion, be *in camera.*

12. If a Party in possession of materials designated as "CONFIDENTIAL" receives a subpoena from a non-party to this Protective Order that seeks production or other disclosure of Confidential Materials, it or she shall immediately give written notice to counsel for the Party who designated the materials as "CONFIDENTIAL," stating the materials sought and enclosing a copy of the subpoena. Where possible, at least ten (10) calendar days' notice before production or other disclosure should be provided. In no event shall production or disclosure be made before telephonic notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the Party to whom such notice has been given at least three business days to take appropriate action, including seeking judicial relief.

13. Upon final resolution of this Action, including appeals, all Parties and persons to whom any Confidential Materials have been disclosed or provided shall either destroy all such Confidential Materials or return them to the Disclosing Party; provided, however, that this obligation shall not extend to any Confidential Materials included in conformed copies of materials filed with the Court or copies required to be kept by Counsel of record for any Party in compliance with state bar requirements or errors or omissions insurance policies. The Parties further agree that their obligations under this Protective Order will not terminate upon final resolution of this Action, and that this

Protective Order will remain in effect in perpetuity.

14. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action. The entry of this Order shall not be construed as a waiver of any right to object on any other grounds to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation to produce information in the course of discovery.

15. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modify this Protective Order, subject to the approval of the Court.

16. This Protective Order shall not control the use of any evidence during the trial of this Action. However, nothing herein shall preclude any Party from seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at trial.

17. After the date of the Protective Order, if a Party inadvertently produces or provides discovery of any Confidential Materials without designating them as such, the Disclosing Party may give written notice to the Party or Parties that have received the Confidential Materials that the document(s), information, response, testimony, or other discovery are Confidential Materials and should be treated as confidential in accordance with the provisions of this Order. The Party or Parties that have received the materials must treat the materials as confidential from the date such notice is received. The inadvertent disclosure of any confidential document or information shall not be deemed a waiver of confidentiality as to any other document in which such information may be contained.

18. The Court may modify the Protective Order in the interests of justice or public policy.

| | |
|---|---|
| 1  Dated: November 19, 2010 | GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN |

*[signature]*

Teresa Demchak (SB #123989)
tdemchak@gdblegal.com
Roberta L. Steele (SB #188198)
rsteele@gdblegal.com
James Kan (SB #240749)
jkan@gdblegal.com
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (fax)

ATTORNEYS FOR PLAINTIFF

Dated: November ___, 2010

LITTLER MENDELSON, P.C.

*[signature]*

Theodora R. Lee (SB #129892)
tlee@littler.com
Constance E. Norton (SB #146365)
cnorton@littler.com
John S. Hong (SB #255150)
jhong@littler.com
650 California Street, 20th Floor
San Francisco, CA 94108-2693
(415) 433-1940; (415) 399-8490 (fax)

ATTORNEYS FOR DEFENDANT

Except that the Court will not retain jurisdiction to enforce this order after this action is closed, PUSUANT TO THE ABOVE STIPULATION,

**IT IS SO ORDERED.**

Dated: November 22, 2010.

*[signature]*

THE HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## WRITTEN ASSURANCE OF CONFIDENTIALITY

I, _____, have read and fully understand the "Stipulation of Confidentiality and Protective Order" in *Adrienne Hudson v. First Transit, Inc.*, United States District Court, For the Northern District of California, Case No. C10-03158 (WHA) (the "Protective Order"). I agree to comply with and be bound by the Protective Order. I agree that I will not disclose any Confidential Materials, as defined in the Protective Order, to any persons or in any manner not specifically authorized by the Protective Order, and I agree that I will not copy, use or disclose any Confidential Materials except solely in connection with the case referenced above.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct and that this Declaration was executed at _____, _____, on _____, 20___.

Signed: _____

Firmwide:98714921.3 063012.1026