CONSTANCE E. NORTON, CA Bar No. 146365
cnorton@littler.com
JOHN S. HONG, CA Bar No. 255150
jhong@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, California 94108.2693
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendant
FIRST TRANSIT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE HUDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST TRANSIT, INC.,<br><br>Defendant. | Case No. C10-03158 WHA<br><br>**DEFENDANT FIRST TRANSIT, INC.'S FOURTH AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: July 20, 2010 |

Defendant FIRST TRANSIT, INC. ("Defendant"), through the undersigned counsel, hereby files its Fourth Amended Answer ("FAA") to the Class Action Complaint ("Complaint") filed by Plaintiff ADRIENNE HUDSON, individually and on behalf of all others similarly situated ("Plaintiff"). All allegations not specifically admitted in the FAA are denied. In response to the allegations contained in the separately numbered paragraphs of the Complaint, Defendant states as follows:

**RESPONSE TO INTRODUCTORY ALLEGATIONS**

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to assert claims pursuant to the statutes and theories alleged therein, but denies that Plaintiff, the Class and/or Subclass(es) she purports to represent, have any valid claims against

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S FOURTH AMENDED
ANSWER TO COMPLAINT

(NO. C10-03158 WHA)

Defendant under those or any other statutes or theories. Defendant further denies that it has a policy or practice that has an adverse impact on African American and/or Latinos, or that any of its policies or practices are not job-related nor justified by business necessity. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 1, Defendant denies each and every remaining allegation contained therein.

2. Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to assert an entitlement to the remedies set forth therein, but denies that Plaintiff, the Class and/or or Subclass(es) she purports to represent, have any valid claims against Defendant for those or any other remedies. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 2, Defendant denies each and every remaining allegation contained therein.

## RESPONSE TO PARTY ALLEGATIONS

3. Answering Paragraph 3 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and on that basis denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5. Answering Paragraph 5 of the Complaint, Defendant admits that it is a national transportation company. Defendant further admits that it states on its website that it is the nation's leading bus transportation provider. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 5, Defendant denies each and every remaining allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant admits that its website states, amongst other things, that in 2007 it operated in 41 states and had 15,500 employees. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 6, Defendant denies each and every remaining allegation contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant admits the allegations contained therein.

**RESPONSE TO JURISDICTION AND VENUE ALLEGATIONS**

8. Answering Paragraph 8 of the Complaint, Defendant admits that Plaintiff purports to invoke the jurisdiction and supplemental jurisdiction of this Court and to assert claims pursuant to the statutes and theories alleged therein, but denies that Plaintiff has any valid claims against Defendant under those or any other statutes or theories. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 8, Defendant denies each and every remaining allegation contained therein.

9. Answering Paragraph 9 of the Complaint, Defendant admits that venue in this Court is proper. Defendant further admits that it made a conditional offer of employment to Plaintiff, which was rescinded when Plaintiff failed to meet the requisite conditions of the offer. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 9, Defendant denies each and every remaining allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant admits that venue in this Court is proper. Defendant further admits that it made a conditional offer of employment to Plaintiff, which was rescinded when Plaintiff failed to meet the requisite conditions of the offer. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 10, Defendant denies each and every remaining allegation contained therein.

**RESPONSE TO BACKGROUND ALLEGATIONS**

11. Answering Paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and on that basis denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant denies that its employment selection policies or practices have a disparate impact on African-American and/or Latino job applicants and employees. With respect to the remaining allegations of Paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and on that basis denies each and every remaining allegation contained therein.

1   13.  Answering Paragraph 13 of the Complaint, Defendant asserts that the United States Equal Employment Opportunity Commission ("EEOC") policy guidance provisions quoted therein speak for themselves. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 13, Defendant denies each and every remaining allegation contained therein.

## RESPONSE TO PLAINTIFF'S ALLEGATIONS

14.  Answering Paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and on that basis denies each and every allegation contained therein.

15.  Answering Paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and on that basis denies each and every allegation contained therein.

16.  Answering Paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted and on that basis denies each and every allegation contained therein.

17.  Answering Paragraph 17 of the Complaint, Defendant admits that in early March 2009, First Transit offered Plaintiff employment conditioned, *inter alia*, on the results of a background check and accepted her into its training program. Defendant denies that Plaintiff applied for a paratransit bus driver job with First Transit in February 2009. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff left her employment with MV Transportation in March 2009 to accept First Transit's offer of employment, and on that basis denies that allegation. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 17, Defendant denies each and every remaining allegation contained therein.

18.  Answering Paragraph 18 of the Complaint, Defendant admits that on or about March 20, 2009, it rescinded Plaintiff's conditional offer of employment because Plaintiff failed to meet the requisite conditions of the offer. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 18, Defendant denies each and every allegation contained

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S FOURTH AMENDED
ANSWER TO COMPLAINT                -4-                    (NO. C10-03158 WHA)

therein.

19. Answering Paragraph 19 of the Complaint, Defendant admits that Plaintiff represented that her 2002 welfare fraud conviction had been dismissed pursuant to California Penal Code section 1203.4. Defendant further admits that on or about March 20, 2009, it rescinded Plaintiff's conditional offer of employment because Plaintiff failed to meet the requisite conditions of the offer. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 19, Defendant denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant admits that in or about March 2009, it maintained standards with respect to criminal background checks for hiring and continued employment. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 20, Defendant denies each and every remaining allegation contained therein.

21. Answering Paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's current desire to work for Defendant. Defendant denies that its standards for criminal background checks for hiring and continued employment are unlawful. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 22, Defendant denies each and every remaining allegation contained therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. Answering Paragraph 23 of the Complaint, Defendant admits that on or about November 10, 2009, Plaintiff filed a Charge of Discrimination with the EEOC, a copy of which is attached to the Complaint as <u>Exhibit 1</u>. Defendant further admits that a copy of a Notice of Right to Sue, issued to Plaintiff on or about June 1, 2009 regarding EEOC Charge No. 555-2010-00159 is attached to the Complaint as <u>Exhibit 2</u>. Defendant further admits that a Notice to Complainant of Right-To-Sue issued to Plaintiff by DFEH on or about December 17, 2009, regarding EEOC Charge No. 555-2010-00159 is attached to the Complaint as <u>Exhibit 3</u>. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and on that basis denies each and every remaining allegation contained therein.

### RESPONSE TO CLASS ACTION ALLEGATIONS

24. Answering Paragraph 24 of the Complaint, Defendant admits that Plaintiff purports to assert class claims pursuant to the rules of federal civil procedure alleged therein, but denies that Plaintiff can maintain a class action against Defendant under those or any other rules. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 24, Defendant denies each and every remaining allegation contained therein.

25. Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26. Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27. <u>Numerosity</u>: Answering Paragraph 27 of the Complaint, Defendant admits that it employs more than 15,000 individuals in the United States and that it maintains branches throughout the State of California. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 27, Defendant denies each and every remaining allegation contained therein.

28. <u>Commonality</u>: Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

29. <u>Typicality</u>: Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

30. <u>Adequacy</u>: Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation in contained therein.

31. <u>Case Maintainable Under This Rule</u>: Answering Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S FOURTH AMENDED
ANSWER TO COMPLAINT -6- (NO. C10-03158 WHA)

## RESPONSE TO CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Title VII of the Civil Rights Act

### (42 U.S.C. § 2000e-2(k))

32. The allegations in Paragraph 32 contain statements to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32.

33. Answering Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36. Answering Paragraph 36 of the Complaint, Defendant denies each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendant does not contest that Plaintiff requests relief from this Court, but denies that Defendant violated rights that are secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), of Plaintiff, or of any Class and/or Subclass(es) member she purports to represent.

### SECOND CAUSE OF ACTION

### California Fair Employment and Housing Act

### (Cal. Gov. Code § 12940(a))

38. The allegations in Paragraph 38 contain statements to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 38.

39. Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

40. Answering Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. Answering Paragraph 41 of the Complaint, Defendant does not contest that Plaintiff requests relief from this Court, but denies that Defendant violated rights that are secured by FEHA, of Plaintiff or any Class and/or Subclass(es) member she purports to represent.

## THIRD CAUSE OF ACTION

## California Unfair Business Practices Act

## (California Business & Professions Code § 17200, *et seq.*)

42. The allegations in Paragraph 42 contain statements to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 42.

43. Answering Paragraph 43 of the Complaint, Defendant denies each and every allegation contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant denies each and every allegation contained therein.

45. Answering Paragraph 45 of the Complaint, Defendant does not contest that Plaintiff requests relief from this Court, but denies that Defendant violated rights that are secured by California's Unfair Competition Law, of Plaintiff or of any Class and/or Subclass(es) member she purports to represent.

## **PRAYER FOR RELIEF**

In response to Plaintiff's various Prayers for Relief, Defendant denies that Plaintiff, individually or on behalf of any Class and/or Subclass(es) she purports to represent, is entitled to any type of relief, including equitable monetary relief in the form of back and front pay, restitution, injunctive relief, adverse judgment, interest, or attorneys' fees, costs and expenses. Defendant further denies that the proposed Class and/or Subclass(es) are appropriate for class action treatment under Rule 23 or that Plaintiff or her attorneys are proper representatives of the proposed Class

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S FOURTH AMENDED
ANSWER TO COMPLAINT -8- (NO. C10-03158 WHA)

and/or Subclass(es).

## AFFIRMATIVE DEFENSES

By way of separate, additional and/or affirmative defenses to the Complaint and each claim therein, and without conceding that Defendant bears the burden of proof or the burden of persuasion as to any of these issues, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges on the basis of a preliminary investigation that the Complaint, and each cause of action set forth therein, is barred by the equitable doctrine of unclean hands due to the wrongdoings of any member of the Class and/or Subclass(es) Plaintiff purports to represent, including without limitation, a Class and/or Subclass member's job abandonment, misrepresentation upon, insufficient, incomplete and/or inaccurate information on job applications and during follow-up investigations, and/or undisclosed criminal conduct.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges on the basis of a preliminary investigation that the Complaint, and each cause of action set forth therein, is barred by the equitable doctrine of waiver due to conduct by the Plaintiff, or any member of the Class and/or Subclass(es) she purports to represent, including but not limited to job abandonment and/or failure to provide sufficient, complete and/or accurate information regarding the employee or applicant's criminal history.

### THIRD AFFIRMATIVE DEFENSE

The employment policies and decision(s) about which Plaintiff complains on behalf of the Class and/or Subclass(es) that she purports to represent were job-related, consistent with business necessity and based upon legitimate, non-discriminatory practices aimed at complying with anticipated changes in federal laws related to transportation providers, state and local laws and/or regulations, Defendant's obligations to contracting clients, site-specific operational requirements and/or to minimize risk to the health, safety and security of Defendant's client-community, including but not limited to, disabled children and adults, elderly passengers, and employees. The business necessity of Defendant's policies and decisions was additionally enhanced by its adjudicative processes which allow applicants and employees to appeal decisions concerning, amongst other things, their criminal histories.

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S FOURTH AMENDED
ANSWER TO COMPLAINT -9- (NO. C10-03158 WHA)

### FOURTH AFFIRMATIVE DEFENSE

To the extent the Complaint alleges wrongful termination of Defendant's existing employees or wrongful failure to hire any applicant into a driver, dispatcher and/or mechanic position with Defendant, such acts or omissions by agents or employees of Defendant, including local safety and/or human resource managers including, but not limited to unlawful termination of employees and unlawful failure to hire applicants, any such wrongful acts were unauthorized by Defendant and/or committed outside the course and scope of any such agency or employment.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Defendant's hiring and/or termination practices are alleged by Plaintiff to have had a discriminatorily disparate impact on her, or upon any proposed member of the Class and/or Subclass(es) she purports to represent, such acts and practices were performed and implemented in good faith and upon job-related criteria consistent with business necessity, *i.e.,* to comply with anticipated changes in federal laws related to transportation providers, state and local laws and/or regulations, contractual obligations to clients, site-specific operational requirements, and/or to minimize risk to the health, safety and security of Defendant's employees and client-community, including but not limited to, disabled children and adults, and elderly passengers, and are thus permitted on the grounds of business justification. The business necessity of Defendant's policies and decisions was additionally enhanced by its adjudicative processes which allow applicants and employees to appeal decisions concerning, amongst other things, their criminal histories.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred because Defendant's conduct is protected by the managerial privilege and/or on the grounds that all actions taken with respect to Plaintiff, or any member of the Class and/or Subclass(es) she purports to represent, were undertaken and exercised with proper managerial discretion, with good cause, and for proper, lawful job-related reasons, including but not limited to, complying with anticipated changes in federal laws related to transportation providers, state and local laws and/or regulations, site-specific operational requirements and contractual obligations to various clients as well as to minimize risk to the health, safety and security of Defendant's employees and client-community,

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S FOURTH AMENDED
ANSWER TO COMPLAINT          -10-                    (NO. C10-03158 WHA)

including but not limited to, disabled children and adults, elderly passengers and employees. Defendant's policies and decisions were additionally enhanced by its adjudicative processes which allow applicants and employees to appeal decisions concerning, amongst other things, their criminal histories.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's prayers for restitution, disgorgement, or injunctive relief under California's Business and Professions Code Section 17200, *et seq.* are barred with respect to any alleged violations that have discontinued, ceased or are not likely to recur, *e.g.,* failure to hire applicants or termination of employees based solely upon conviction of a felony or service of a criminal sentence in a correctional facility.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the front pay claimed is too speculative to allow an award of prejudgment interest.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims on behalf of the Subclass(es) she purports to represent are barred in whole or in part, or fail as a matter of law, to the extent that the putative Subclass members in California were not employees of Defendant prior to 2007, when Defendant merged with Laidlaw International, Inc.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff and the Class and/or Subclass(es) she purports to represent take nothing by reason of the Complaint;

2. That judgment be entered on the Complaint in favor of Defendant and against Plaintiff and the Class and/or Subclass(es) she purports to represent on all causes of action, and that the Complaint be dismissed with prejudice;

3. That Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S FOURTH AMENDED
ANSWER TO COMPLAINT -11- (NO. C10-03158 WHA)

1      4.      For such other and further relief as the Court may deem just and proper.

3    Dated: February 4, 2011

*/s/ Constance E. Norton*
CONSTANCE E. NORTON
JOHN S. HONG
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST TRANSIT, INC.

650 CALIFORNIA STREET
20TH FLOOR
SAN FRANCISCO, CA 94108.2693
415.433.1940

DEFENDANT'S FOURTH AMENDED
ANSWER TO COMPLAINT    -12-    (NO. C10-03158 WHA)

# CERTIFICATE/PROOF OF SERVICE

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108. On February 4, 2011, I caused the following documents:

## DEFENDANT FIRST TRANSIT, INC.'S
## FOURTH AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

to be electronically filed with the Clerk of the Court through the Court's CM/ECF system. It is my understanding that the CM/ECF system will automatically send a "Notice of Electronic Filing" to the registered users in the case and that the "Notice of Electronic Filing" will constitute service of the above-listed document(s) on the following:

| | |
|---|---|
| Matthew J. Piers, Esq. | Teresa Demchak, Esq. |
| mpiers@hsplegal.com | tdemchak@gdblegal.com |
| Kalman D. Resnick, Esq. | Roberta Steele, Esq. |
| kresnick@hsplegal.com | rsteele@gdblegal.com |
| Christopher J. Wilmes, Esq. | James Kan, Esq. |
| cwilmes@hsplegal.com | jkan@gdblegal.com |
| HUGHES SOCOL PIERS RESNICK & DYM | GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN |
| 70 W. Madison Street, Suite 4000 | 300 Lakeside Drive, Suite 1000 |
| Chicago, IL 60602 | Oakland, California 94612 |
| Tel:  312.580.0100 | Tel:  510.763.9800 |
| Fax: 312.580.1994 | Fax: 510.835.1417 |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

Madeline Neighly, Esq.
mneighly@nelp.org
National Employment Law Project
405 – 14th Street, Suite 1400
Oakland, California 94612
Tel:  510.663.5707
Fax: 510.663.2028

*Attorneys for Plaintiff*

Executed on February 4, 2011, at San Francisco, California.

 */s/Barbara Palomo*
Barbara Palomo

Firmwide:99975031.1 063012.1026

DEFENDANT'S FOURTH AMENDED
ANSWER TO COMPLAINT                                                                                              (NO. C10-03158 WHA)