Matthew. J. Piers (IL SB #2206161)
(Admitted *Pro Hac Vice*)
mpiers@hsplegal.com
Kalman D. Resnick (IL SB #2318482)
(Admitted *Pro Hac Vice*)
kresnick@hsplegal.com
Christopher J. Wilmes (IL SB # 6287688)
(Admitted *Pro Hac Vice)*
cwilmes@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100; (312) 580-1994 (Fax)

Teresa Demchak (SB#123989)
tdemchak@gdblegal.com
Roberta L. Steele, (SB #188198)
rsteele@gdblegal.com
James Kan (SB240749)
jkan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417

Madeline Neighly (SB #259785)
mneighly@nelp.org
NATIONAL EMPLOYMENT LAW PROJECT
405 14th Street, Suite 1400
Oakland, CA 94612
(510) 663-5707; (510) 663-2028

Counsel for Plaintiff, Adrienne Hudson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE HUDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST TRANSIT, INC.,<br><br>Defendant | Case No.: 10-CV-03158<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION TO EXTEND BRIEFING SCHEDULE**<br><br>Judge: Honorable William Alsup<br>Dept:   Courtroom. 9, 19th Floor |

1. On July 20, 2010, Plaintiff filed this putative class action against Defendant pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the California Fair Housing and Employment Act ("FEHA"), and the California Unfair Business Practices Act ("UCL") alleging that Defendant's policy of excluding persons with certain criminal records from bus driver, mechanic, and dispatcher positions ("Covered Positions") has a disparate impact on African-Americans and Latinos, and is not justified by business necessity.

2. On October 28, 2010, the Court entered a scheduling order, pursuant to FRCP 16(b), requiring Plaintiff to file her motion for class certification by April 7, 2011.  Subsequently, the parties agreed to complete class certification related discovery – except for class certification expert discovery – by March 11, 2011.

3. On October 28, 2010, Plaintiff served her First Requests for Production of Documents.

4. On November 9, 2010, Defendant served amended Initial Disclosures pursuant to Rule 26(A) which supplemented its disclosures and initial production made October 21, 2010.

5. In late October and early November, Defense counsel met and conferred with counsel in Chicago who represent Defendant in separate background check litigation with the belief, ultimately incorrect, that the bulk of the responsive data had previously been pulled and sent to counsel in Chicago.  Defense counsel received documents from Chicago counsel on December 9, 2010, but after a protracted review, determined that the majority of these documents were not responsive.  The approximately 7,000 pages of responsive documents received from counsel in Chicago were served on December 17, 2010, December 30, 2010 and January 7, 2011.

6. On December 2, 2010, in advance of its deadline to respond to Plaintiff's written discovery, Defendant requested that the parties meet and confer regarding the scope of Plaintiff's

2
**JOINT STIPULATION TO EXTEND BRIEFING SCHEDULE – CASE NO. 10-CV-03158 WHA**

requests. On December 10, 2010, pursuant to an agreed upon extension, Defendant served its written discovery responses on Plaintiff, but produced no additional documents. On December 14, 2010, Plaintiff's counsel requested that Defendant agree to meet and confer regarding the timing of Defendant's document production. On December 17, 2010, Defendant described the efforts that it was taking to collect and review responsive documents but, with the intervening holidays, was unable to provide a date certain by which it would produce all responsive documents.

7. On December 17, 2010, Defendant produced nearly 2,000 pages of applicant logs.

8. On December 30, 2010, Defendant produced an additional 4,000 pages of applicant logs.

9. Despite these productions, Defendant ran into several obstacles in obtaining the remainder of the data requested by Plaintiff, including lack of access to individuals with historical knowledge regarding location of documents within the organization, lack of knowledge and personnel at First Transit headquarters to locate responsive documents, and the year end holidays.

10. Nevertheless, in light of the parties' cognizance of the urgency of the matter, and the short window for discovery due to the Court's orders regarding class certification motions, a dedicated team was put in place at FT headquarters to locate all remaining relevant and responsive documents shortly after the first of the year.

11. On January 13, 2011, Plaintiff deposed the Director of Human Resources for FirstGroup America (Defendant's parent company), Russ Iddings. At the deposition, Defendant produced further responsive documents regarding its background checking policies. Plaintiff questioned Mr. Iddings to determine what additional records Defendant maintains regarding its use of criminal background checks and their potential impact on African-Americans and Latinos.

Thereafter, the parties engaged in extensive written communication regarding Defendant's continuing production of documents.

12.  On January 21, 2011, Defendant notified Plaintiff via e-mail that it was processing a large volume of documents (anticipated to be over 16.05 GB of data) from Defendant's central office in Cincinnati, Ohio and would be producing responsive documents on a rolling basis over the next few weeks.  Based on Defendant's representations, Plaintiff agreed to hold any motion to compel in abeyance until Plaintiff had an opportunity to review Defendant's document production.

13.  On January 31, 2011, pursuant to Local Rule 37-1, the parties conferred again and discussed Defendant's ongoing document production.  During that telephone conference, Defendant represented that it had engaged in good faith efforts to produce all pertinent documents (to date approximately 77,500 pages have been produced), and estimated that the production of documents maintained at Defendant's central office would likely be completed by February 11, 2011.  Defendant anticipates, however, that it will take an additional 30 days to complete the document production of data from Defendant's over two-hundred branch locations.

14.  In light of the large volume of documents that Defendant continues to produce, as well as the unexpected delay in Plaintiff receiving these documents, the parties have agreed to request an extension of the deadline by which Plaintiff must file her Motion for Class Certification.

15.  Plaintiff will need to review Defendant's outstanding document production before briefing the issue of class certification because Plaintiff believes that many of the documents are relevant to whether or not Defendant's criminal-record-related hiring policies have a disparate impact on African-Americans and Latinos and, therefore, whether, there are questions of law or fact common to the class.  *See Gen. Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, n.15 (1982); *Dukes*

*v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 603-04 (9th Cir. 2010) ("[P]laintiffs may demonstrate commonality by presenting statistical evidence . . . sufficient to fairly raise a common question concerning whether there is class-wide discrimination."), *cert. granted*, *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 795 (2010).

16. Currently, Plaintiff's Motion for Class Certification is due on April 7, 2011. The parties jointly request that the deadline for Plaintiff's motion be extended to July 7, 2011, and that subsequent briefs be filed on a 35-day track pursuant to Local Rules 7-2 and 7-3.

Dated:   February 8, 2011                        Respectfully submitted,

                                                 /s/ Teresa Demchak
                                                 _____

Matthew. J. Piers (IL SB #2206161)
(Admitted *Pro Hac Vice*)
mpiers@hsplegal.com
Kalman D. Resnick (IL SB #2318482)
(Admitted *Pro Hac Vice*)
kresnick@hsplegal.com
Christopher J. Wilmes (IL SB # 6287688)
(Admitted *Pro Hac Vice*)
cwilmes@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100; (312) 580-1994 (Fax)

Teresa Demchak (SB#123989)
tdemchak@gdblegal.com
Roberta L. Steele, (SB #188198)
rsteele@gdblegal.com
James Kan (SB240749)
jkan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510)763-9800 (510) 835-1417
Madeline Neighly (SB #259785)
mneighly@nelp.org
NATIONAL EMPLOYMENT LAW PROJECT
405 14th Street, Suite 1400

Oakland, CA 94612
(510) 663-5707; (510) 663-2028

ATTORNEYS FOR PLAINTIFFS

/s/ Constance E. Norton

Constance E. Norton, Bar No. 146365
cnorton@littler.com
John S. Hong, Bar No. 255150
jhong@littler.com
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

ATTORNEYS FOR DEFENDANT

Except that no further extensions will be granted, and no extension of the case management schedule will be granted based on this extension,

PURSUANT TO STIPULATION, IT IS SO ORDERED.

If defendant does not produce discovery in a timely manner, plaintiff's counsel are obligated to bring the problem to the Court's attention by letter brief (*see* Dkt. No. 3 ¶ 25), after meeting and conferring.

Date: February 9, 2011.

_____
William Alsup
United States District Judge