Matthew J. Piers (IL SB #2206161)
(Admitted *Pro Hac Vice*)
mpiers@hsplegal.com
Kalman D. Resnick (IL SB #2318482)
(Admitted *Pro Hac Vice*)
kresnick@hsplegal.com
Christopher J. Wilmes (IL SB # 6287688)
(Admitted *Pro Hac Vice*)
cwilmes@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM
70 W. Madison Street, Suite 4000
Chicago, IL  60602
(312) 580-0100; (312) 580-1994 (Fax)

Teresa Demchak (SB #123989)
tdemchak@gdblegal.com
Roberta L. Steele (SB #188198)
rsteele@gdblegal.com
James Kan (SB #240749)
jkan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800; (510) 835-1417 (Fax)

Madeline Neighly (SB #259785)
mneighly@nelp.org
NATIONAL EMPLOYMENT LAW PROJECT
405 14th Street, Suite 1400
Oakland, CA  94612
(510) 663-5707; (510) 663-2028 (Fax)

Counsel for Plaintiff Adrienne Hudson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE HUDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST TRANSIT, INC.,<br><br>Defendant. | Case No.:  C10-03158 WHA<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:  Thursday, August 11, 2011<br>Time: 8:00 a.m.<br>Judge: Hon. William H. Alsup<br>Ctrm:  9, 19th Floor |

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - CASE NO.:  C10-03158 WHA
281281-1

Plaintiff's Motion for Class Certification was presented for hearing on August 11, 2011 at 8:00 a.m.  After considering the papers and argument presented by Plaintiff and Defendant, the Court makes the following FINDINGS and ORDERS:

1. Plaintiff has moved the Court to certify the following class:

   All African Americans who applied for and were offered conditional employment as drivers with First Transit at any time since January 23, 2009 and whose applications First Transit rejected because the class member failed First Transit's criminal background check policy.

2. The Court finds that Plaintiff has satisfied the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).  Since January 23, 2009, Defendant, First Transit, Inc. has rejected hundreds of African American job applicants for bus driver positions because of the company's criminal background check policy.

3. The Court finds that Plaintiff has satisfied the commonality requirement of Federal Rule of Civil Procedure 23(a)(2).  There are numerous common questions of law or fact related to Plaintiff's challenges to Defendant's company-wide policy or practice of rejecting employment applicants based on criminal background checks.  Those common questions of law or fact include whether Defendant's company-wide criminal background check policy has an unlawful disparate impact on African-Americans and is consistent with business necessity, and if so, whether less discriminatory alternative employment practices exist.  *See* 42 U.S.C. § 2000e-2(k).

4. The Court finds that Plaintiff has satisfied the typicality requirement of Federal Rule of Civil Procedure 23(a)(3).  Named Plaintiff Adrienne Hudson alleges the same harm as the class and brings her claims under the same legal theories.

5. The Court finds that Named Plaintiff Adrienne Hudson is able to prosecute the action vigorously and that there is no antagonism or conflict of interest between Ms. Hudson and the other members of the class.  In addition, Plaintiff's attorneys are experienced in handling employment class action lawsuits and are adequate class counsel.  Thus, Plaintiff satisfies the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4).

6. The Court finds that Plaintiff has satisfied the requirements of Fed. R. Civ. P. 23(b)(2), because her case is based on Defendant's alleged criminal background check policy which applies

1

1 generally to the class, making final injunctive relief or corresponding declaratory relief appropriate

2 with respect to the class as a whole.  Additionally, certification is appropriate under Rule 23(b)(2)

3 because Plaintiff seeks only declaratory and injunctive relief.

4   7.  The Court therefore finds that Plaintiff has satisfied the prerequisites for class

5 certification under Fed. R. Civ. P. 23(a) and that the case may be maintained as a class action under

6 Fed. R. Civ. P. 23(b)(2).

7   8.  In light of the foregoing, the Court hereby orders CERTIFICATION of the following

8 class:

9-11 > All African Americans who applied for and were offered conditional employment as drivers with First Transit at any time since January 23, 2009 and whose applications First Transit rejected because the class member failed First Transit's criminal background check policy.

12   9.  The Court appoints Adrienne Hudson as a class representative and Goldstein, Demchak,

13 Baller, Borgen & Dardarian and Hughes, Socol, Piers, Resnick & Dym, Ltd. as class counsel.

14

15   IT IS SO ORDERED.

16

17 Dated: _____, 2011    _____

18               The Honorable William A. Alsup
              United States District Court Judge