Matthew J. Piers (IL SB #2206161)
(Admitted *Pro Hac Vice*)
mpiers@hsplegal.com
Kalman D. Resnick (IL SB #2318482)
(Admitted *Pro Hac Vice*)
kresnick@hsplegal.com
Christopher J. Wilmes (IL SB # 6287688)
(Admitted *Pro Hac Vice*)
cwilmes@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM
70 W. Madison Street, Suite 4000
Chicago, IL 60602
(312) 580-0100; (312) 580-1994 (Fax)

Teresa Demchak (SB #123989)
tdemchak@gdblegal.com
Roberta L. Steele (SB #188198)
rsteele@gdblegal.com
James Kan (SB #240749)
jkan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Madeline Neighly (SB #259785)
mneighly@nelp.org
NATIONAL EMPLOYMENT LAW PROJECT
405 14th Street, Suite 1400
Oakland, CA 94612
(510) 663-5707; (510) 663-2028 (Fax)

Counsel for Plaintiff Adrienne Hudson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE HUDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST TRANSIT, INC.,<br><br>Defendant. | Case No.: C10-03158 WHA<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: Thursday, August 11, 2011<br>Time: 8:00 a.m.<br>Judge: Hon. William H. Alsup<br>Courtroom: 9, 19th Floor |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION ..... 1

II. PLAINTIFF HAS IDENTIFIED A SPECIFIC EMPLOYMENT PRACTICE THAT HAS ADVERSE IMPACT ON AFRICAN AMERICAN DRIVER APPLICANTS. ..... 2

A. The Substance of First Transit's Companywide Criminal Record Screening Criteria Changed in Only Minor Ways During the Class Period. ..... 2

B. First Transit Points to A Barrage of Facts that Do Not Refute Plaintiff's Contentions. ..... 3

C. Individual First Transit Locations Apply the Same CRC Standards Regardless of Minor and Meaningless Contract Variances. ..... 4

III. PLAINTIFF HAS STANDING. ..... 5

A. First Transit's Standing Argument is Unsupported By Any Title VII Authority ..... 5

B. First Transit's Change to Its Criminal Background Policy Does Not Moot Plaintiff's Claim. ..... 5

IV. PLAINTIFF MEETS THE PREREQUISITES OF FEDERAL RULE OF CIVIL PROCEDURE 23(a). ..... 7

A. The Class is Ascertainable. ..... 7

B. Plaintiff's Claims Are Typical Because She Was Offered a Job and Then Rejected Due to First Transit's Criminal Background Check Policy. ..... 8

C. Plaintiff Has Demonstrated Commonality. ..... 8

1. First Transit's Attacks on Dr. DiPrete's Analysis are Meritless. ..... 9

a. Attacks Contradicted by the Data ..... 10

b. Attacks Contradicted by First Transit's Rule 30(b)(6) Designee ..... 12

c. Attacks Raise Inconsequential Issues ..... 12

2. First Transit's Expert Report Does Not Meaningfully Contradict Disparate Impact. ..... 13

V. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

*Allen v. Seidman*,
881 F.2d 375 (7th Cir. 1989) .................... 9

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001) .................... 8

*Bates v. United Parcel Serv.*,
465 F.3d 1069 (9th Cir. 2006) .................... 5

*Clady v. Los Angeles County*,
770 F.2d 1421 (9th Cir. 1985) .................... 13

*Cleveland Branch, N.A.A.C.P v. City of Parma, OH*,
263 F.3d 513 (6th Cir. 2001) .................... 6

*Connecticut v. Teal*,
457 U.S. 440 (1982) .................... 13

*Costa v. Markey*,
677 F.2d 158 (1st Cir. 1982) .................... 7

*Darensburg v. Metro. Trans. Comm'n*,
636 F.3d 511 (9th Cir. 2011) .................... 14

*Dombeck v. Milwaukee Valve Co.*,
40 F.3d 230 (7th Cir. 1994) .................... 6

*EEOC v. Gen. Tele. Co. of NW.*,
885 F.2d 575 (9th Cir. 1989) .................... 9

*EEOC v. Hacienda Hotel,*
881 F.2d 1504 (9th Cir. 1987) .................... 6

*Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Comm.*,
833 F.2d 1334 (9th Cir. 1987) .................... 14, 15

*Easley v. Anheuser-Busch, Inc.*,
758 F.2d 251 (8th Cir 1985) .................... 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2002) .................... 5, 6

*Freitag v. Ayers*,
468 F.3d 528 (9th Cir. 2006) .................... 5

*Greater New Orleans Fair Housing Action Ctr. v. U.S. Dep't of Housing and Urban Dev.*,
639 F.3d 1078 (D.C. Cir. 2011) .................... 14

*Griggs v. Duke Power Co.*,
401 U.S. 424 (1971) .................... 3

*LeBoef v. Ramsey*,
503 F. Supp. 747 (D. Mass. 1980) .................... 7

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1991) .......... 5, 7

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
375 B.R. 719 (S.D.N.Y. 2007) .......... 6

*Robinson v. Metro-North Commuter R.R. Co.*,
267 F.3d 147 (2d Cir. 2001) .......... 7

*Rodriguez v. Hayes*,
591 F.3d 1105 (9th Cir. 2010) .......... 8

*Sierra Club v. Dombeck*,
161 F. Supp. 2d 1052 (D. Ariz. 2001) .......... 7

*Stout v. Potter*,
276 F.3d 1118 (9th Cir. 2002) .......... 13, 14

*U.S. v. City of New York*,
No. 07-CV-2067 (NGG) (RLM), 2011 WL 2680474 (E.D.N.Y. July 8, 2011) .......... 7

*Vulcan Pioneers, Inc. v. N.J. Dep't of Civil Serv.*,
832 F.2d 811 (3d Cir. 1987) .......... 5

*Young v. Cnty. of Cook*,
No. 06 C 552, 2007 WL 1238920 (N.D. Ill. Apr. 25, 2007) .......... 4

**FEDERAL RULES & STATUTES**

42 U.S.C.
§ 2000e-2(k) .......... 1, 4

Federal Rules of Civil Procedure
Rule 23(a)(3) .......... 8
Rule 23(b)(2) .......... 1, 7
Rule 30(b)(6) .......... *passim*

**MISCELLANEOUS**

Manual for Complex Litigation (Fourth) § 21.222 (2004) .......... 7

1 Newberg on Class Actions § 4.11 n.10 (4th ed. 2006) .......... 1, 6

Wright & Miller, Federal Practice & Procedure § 1776 (3d ed.) .......... 1

## I.     INTRODUCTION

Faced with a mountain of case law holding that class certification is all but a given in cases alleging that an employer's written hiring policy is discriminatory, First Transit has attempted to wiggle out from under its broad policy of not hiring people with criminal records by:



Despite First Transit's protestations to the contrary, this case is classically appropriate for resolution under Rule 23(b)(2):  it challenges a written companywide criminal records policy that was the same or functionally the same at all locations around the country during the class period, and it depends on resolution of the same legal questions:  whether the policy has a disparate impact on African Americans and whether it is job-related and justified by business necessity.  42 U.S.C. § 2000e-2(k).  Indeed, Rule 23(b)(2) was "designed specifically for civil rights cases" seeking broad declaratory or injunctive relief.  1 Newberg on Class Actions § 4.11 n.10 (4th ed. 2006).  *See also* Wright & Miller, Federal Practice & Procedure § 1776 (3d ed.) ("[T]he class suit is a uniquely appropriate procedure in civil rights cases, which generally involve an allegation of discrimination against a group as well as the violation of rights of particular individuals.").  The Court should grant Plaintiff's motion for class certification.

## II. PLAINTIFF HAS IDENTIFIED A SPECIFIC EMPLOYMENT PRACTICE THAT HAS ADVERSE IMPACT ON AFRICAN AMERICAN DRIVER APPLICANTS.

### A. The Substance of First Transit's Companywide Criminal Record Screening Criteria Changed in Only Minor Ways During the Class Period.

[redacted]

[redacted]

[redacted]

**B. First Transit Points to A Barrage of Facts that Do Not Refute Plaintiff's Contentions.**

[redacted]

[1] All declarations not previously filed, will be submitted simultaneously with this brief.



C. **Individual First Transit Locations Apply the Same CRC Standards Regardless of Minor and Meaningless Contract Variances.**

[redacted]

## III. PLAINTIFF HAS STANDING.

### A. <u>First Transit's Standing Argument is Unsupported By Any Title VII Authority.</u>

Without citing a single case decided under Title VII, First Transit argues that Plaintiff has no standing to pursue an injunction ending First Transit's racially discriminatory CRC policy that caused First Transit to reject her for employment as a bus driver. Opp. at 12-13. First Transit maintains that Plaintiff lacks standing to seek injunctive relief even though (1) First Transit admittedly rejected her for employment because of its CRC policy, (2) Plaintiff twice applied to work for First Transit, and (3) Plaintiff testified under oath that she maintains an interest in securing the driver job. Declaration of Adrienne Hudson, ¶ 4.

First Transit's argument is unsupported by the case law. Standing is determined at the time of the filing of the Complaint. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.4 (1991); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 184 (2002). It is indisputable that when she filed her Complaint, Plaintiff had not only suffered actual injury due to First Transit's CRC policy, she continued to face the threat of harm should she reapply. *See Freitag v. Ayers*, 468 F.3d 528, 548 (9th Cir. 2006); *Bates v. United Parcel Serv.,* 465 F.3d 1069, 1079 (9th Cir. 2006) (rejected employment applicant has standing to challenge employer's discriminatory policy where she is injured by the policy and maintains a continuing interest in the job). Courts routinely have enjoined discriminatory hiring practices in disparate impact suits brought by rejected applicants. *See, e.g.*, *Vulcan Pioneers, Inc. v. N.J. Dep't of Civil Serv.*, 832 F.2d 811, 816-17 (3d Cir. 1987) (affirming injunction against use of test scores as basis for promotions); *Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 263 (8th Cir 1985) (enjoining racially discriminatory employment test).

### B. <u>First Transit's Change to Its Criminal Background Policy Does Not Moot Plaintiff's Claim.</u>

First Transit argues that Plaintiff lacks standing to obtain injunctive relief because First Transit changed its policy four months after being sued. *See* Opp. at 12-14. This argument is meritless for several reasons.

First, a defendant cannot avoid Title VII liability – and the imposition of corresponding injunctive relief – simply by changing its discriminatory policy in response to litigation.[4] *See Friends of the Earth, Inc.*, 528 U.S. at 189 ("[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."); *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1518-19 (9th Cir. 1987) (affirming injunction against future discrimination on the basis of sex, religion or opposition to discriminatory practices where employer's corrective efforts came only after being sued"); *Dombeck v. Milwaukee Valve Co.*, 40 F.3d 230, 238 (7th Cir. 1994) (district court did not abuse its discretion by issuing an injunction in a sexual harassment case where the harasser and victim had already been assigned to different work areas and there was no evidence of further harassment). In short, Plaintiff has standing to seek an injunction that ensures that First Transit does not continue or reinstate its illegal policies.[5]

Second, First Transit cannot carry its "heavy burden of demonstrating mootness" by proving with credible evidence "that the allegedly wrongful behavior cannot reasonably be expected to recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 530-31 (6th Cir. 2001) *quoting County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979).

[4] First Transit also was a defendant in earlier litigation challenging its criminal background check practices. Plaintiff's Motion for Class Certification at 13, n.17.

[5] Even if the Court were to find that Plaintiff's claim for declaratory and injunctive relief is moot – which it should not do based on this record – the Court should permit substitution of a new class representative. *See In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*, 375 B.R. 719 (S.D.N.Y. 2007) ("[I]n order to protect absent class members, where the claims of a lead plaintiff become moot at the pre-certification stage, courts not only may, but *should,* respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative."); 1 Newberg on Class Actions § 2:26 ("When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives.") (collecting cases).

[redacted]

## IV. PLAINTIFF MEETS THE PREREQUISITES OF FEDERAL RULE OF CIVIL PROCEDURE 23(a).

### A. The Class is Ascertainable.

First Transit argues that the class as defined (1) cannot be certified because it is "retrospective" and Plaintiff seeks "prospective" injunctive relief and (2) the class members are not ascertainable. Opp. at 15-16. Both arguments lack merit. Rejected applicants can bring claims for prospective injunctive relief. *See U.S. v. City of New York*, No. 07-CV-2067 (NGG)(RLM), 2011 WL 2680474, *10 (E.D.N.Y. July 8, 2011) ("Should the plaintiffs succeed in establishing a Title VII disparate impact violation, the court may order prospective class-wide injunctive relief."), *quoting Robinson v. Metro–North Commuter R.R. Co.*, 267 F.3d 147, 161 (2d Cir. 2001).

[redacted] "[T]here is no need to identify every individual member at the time of certification of a Rule 23(b)(2) class action for injunctive relief as long as the court can determine at any given time whether a particular individual is a member of the class." Manual for Complex Litigation (Fourth) § 21.222 (2004). Here, it would be a simple matter to determine at any point whether an individual had been rejected due to First Transit's CRC policy. [redacted]

[6] First Transit's "ripeness" argument, *see* Opp. at 14-15, must be rejected for similar reasons. Ripeness of a request for declaratory or injunctive relief is determined at the time of the filing of a Complaint. *Lujan*, 504 U.S. at 570, n.4; *Sierra Club v. Dombeck*, 161 F. Supp. 2d 1052, 1062 (D. Ariz. 2001). Because Plaintiff's claims for declaratory and injunctive relief were ripe at the time of the filing of her Complaint, in that she would continue to be ineligible for employment with First Transit because of its CRC policy. *See LeBoef v. Ramsey*, 503 F. Supp. 747, 763 (D. Mass. 1980), rev'd on other grds by *Costa v. Markey*, 677 F.2d 158 (1st Cir. 1982), on reh'g, 706 F.2d 1 (1st Cir. 1982) (abandonment of discriminatory hiring criterion "did not render moot [plaintiff's] claims for declaratory and injunctive relief with respect to the violations that had previously occurred" because they "had already ripened.").

**B. Plaintiff's Claims Are Typical Because She Was Offered a Job and Then Rejected Due to First Transit's Criminal Background Check Policy.**

First Transit maintains that Plaintiff's claims are not typical of the class claims (and therefore she is not an adequate class representative) because Plaintiff "cannot demonstrate that the practices in effect mandated her termination." Opp. at 16-17. [REDACTED] The argument is frivolous.

Regardless of whether First Transit's CRC policy "mandated" Plaintiff's termination, it "caused" her termination, and that is sufficient to satisfy Rule 23(a)(3). "The typicality requirement . . . [is] 'satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (quoting *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001)). "[The] requirement is permissive and requires only that the representative's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical. *Id.* (internal quotation omitted). Plaintiff easily satisfies this requirement. First Transit's post hoc attempt to impeach its own records is unavailing.

**C. Plaintiff Has Demonstrated Commonality.**

[REDACTED]

[redacted]

**1. First Transit's Attacks on Dr. DiPrete's Analysis are Meritless.**

First Transit raises hypothetical flaws in Dr. DiPrete's analyses without demonstrating how accounting for the supposed flaws would have made any difference in the outcome of the analyses. This it cannot do. *See EEOC v. General Tel. Co. of NW.*, 885 F.2d 575, 582 (9th Cir. 1989) (holding that a defendant cannot defeat proof of discrimination by raising hypothetical flaws in the plaintiff's analysis; a defendant must provide credible evidence that the flaws would have changed or removed the impact.); *Allen v. Seidman*, 881 F.2d 375, 380 (7th Cir. 1989) ("The Corporation's attack on the plaintiffs' statistical case amounts to a contention that unless a plaintiff eliminates all alternative hypotheses he must lose. That would raise the threshold of proof too high. All the plaintiff is required to present is enough evidence to warrant a finding that, more likely than not, the challenged test, criterion, or practice had a disparate impact."). First Transit's attacks of Dr. DiPrete's analysis also fail because, as discussed below, they are contradicted by the data, run afoul of its Rule 30(b)(6) designees' admissions, or raise inconsequential issues.

---

[redacted]

a. **Attacks Contradicted by the Data**

[Content redacted]

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - CASE NO.:  C10-03158 WHA
285718-7



Case3:10-cv-03158-WHA Document75 Filed07/28/11 Page15 of 20

11

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - CASE NO.: C10-03158 WHA

285718-7

b. Attacks Contradicted by First Transit's Rule 30(b)(6) Designee

[redacted]

[redacted]

c. Attacks Raise Inconsequential Issues

[redacted]

---

[redacted]

[redacted]

**2. <u>First Transit's Expert Report Does Not Meaningfully Contradict Disparate Impact.</u>**

[redacted]

---

[redacted]

[12] Aggregated data "presents a more complete and reliable picture of the effects of" the complained of practice. *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Comm.*, 833 F.2d 1334, 1339 n.7 (9th Cir. 1987).

[Lines 1–23 redacted]

### V. CONCLUSION

Based on the foregoing, the Court should grant Plaintiff's motion for class certification and appoint Plaintiff's counsel as class counsel.

15
REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION - CASE NO.: C10-03158 WHA
285718-7

Dated: July 28, 2011

Respectfully submitted,

GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

s/ Teresa Demchak

Teresa Demchak (SB #123989)
tdemchak@gdblegal.com
Roberta L. Steele (SB #188198)
rsteele@gdblegal.com
James Kan (SB #240749)
jkan@gdblegal.com
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

ATTORNEYS FOR PLAINTIFFS